UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 11-cr-20219

v.                                        Honorable Thomas L. Ludington

JAMES R. DRIVER,

        Defendant.

_____/

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT, GRANTING
MOTION FOR EXTENSION OF TIME AND DENYING MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE**

On May 21, 2012, Defendant James R. Driver was found guilty by a jury of one count of possessing child pornography. ECF No. 46. Driver was sentenced to 60 months imprisonment. ECF No. 52. He was also ordered to comply with the following special condition of supervised release:

> The defendant shall not purchase, sell, view, or possess images, in any form of media or live venue that depict pornography, sexually explicit conduct, child erotica, or child nudity. The defendant shall not patronize any place where such material or entertainment is available.

*Id.* at 4.

On July 1, 2016, Driver filed a motion to modify that condition of his supervised release. ECF No. 59. The Court directed a response from the Government. ECF No. 60. However, because the government attorneys who had been handling the case were no longer receiving electronic alerts when a document was filed on the docket, the Government did not receive the Court's order. On September 16, 2016, Driver filed a motion, styled "Motion for Summary Judgment," which reiterated Driver's requests for modification of the challenged condition. ECF No. 61.The Court

again directed a response, this time manually serving the order on the Government. On October 14, 2016, the Government filed a motion requesting an extension of time to file a response pursuant to the Court's order. ECF. No. 64. Later on the same day, the Government's response was filed. ECF No. 65. Although the Government's response was filed one day after the deadline, the Court finds that any delay was harmless and accepts the response as filed. Accordingly, the Government's motion for an extension of time will be granted.

Driver argues that the challenged condition is overbroad. He asserts that the condition deprives the Defendant of more liberty than is reasonably necessary to fulfill the goals of his supervised release." Mot. Modify at 1–2, ECF No. 59. According to Driver, the condition "affects substantial First Amendment rights" because it would "ban the defendant from medical dictionaries that may include child nudity, art that may depict child nudity or sexually explicit conduct, periodicals (Art Forum, Digital Photography, National Geographic, etc.) that may include child nudity or sexually explicit conduct, a huge quantity of television programs and movies that may include sexually explicit conduct, etc." *Id.* at 2.

> Pursuant to 18 U.S.C. § 3583(e),
>
> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) ... modify ... the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

§ 3583(e)(2).

Section 3553(a)(1) directs the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." Section 3553(a)(2)(B) addresses the need to adequately deter criminal conduct, while Section 3553(a)(2)(C) focuses on the need to protect the public from "further crimes of the defendant." Section 3553(a)(2)(D) directs the court to

consider the need "to provide the defendant with needed educational or vocational training." "The court may also consider the kinds of sentence, the sentencing range established for the applicable category of offense, the applicable guidelines, policy statements, or amendments issued by the U.S. Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims." *United States v. Minor*, 440 F. App'x 479, 482 (6th Cir. 2011). Modification is permitted to respond to changed circumstances or to promote effective supervision.

*United States v. Neal*, 810 F.3d 512, 516–17 (7th Cir. 2016).

Driver is challenging the condition based on, in part, *U.S. v. Borders*. 489 F. App'x 858, 863 (6th Cir. 2012). In *Borders*, the Sixth Circuit invalidated the following special conditions: "The defendant shall not view, listen to, or possess anything sexually explicit or suggestive." *Id.* The Sixth Circuit held that the "words 'or suggestive' render that aspect of the special condition plain error" because that broad language would cover a "huge quantity of literature, music, and other media." *Id.* However, the special condition that Driver challenges does not include the "or suggestive" language. Rather, it focuses on "pornography, sexually explicit conduct, child erotica, or child nudity." That limited focus dramatically decreases the quantity of literature that might be included under the prohibition.

The Sixth Circuit has held that special conditions banning "pornography" and "sexually explicit" materials are not overbroad. *United States v. Zobel*, 696 F.3d 558, 576 (6th Cir. 2012). *See also United States v. Lantz*, 443 F. App'x 135, 141 (6th Cir. 2011) (noting that, although there is a circuit split on the question, the Sixth Circuit has not specifically addressed whether a ban on all pornography is impermissibly vague). In fact, Driver's condition is even more constitutionally justified than the condition in *Zobel*, because, unlike Zobel, Driver was

convicted of a child pornography offense, which is "the paradigmatic case in which these bans are imposed." 696 F.3d at 576.

Bans on explicit material involving adults raise First Amendment implications and thus are subject to "careful review." *Id.* at 576 (quoting *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997)). But such bans are generally upheld as long as they "are 'primarily designed to meet the ends of rehabilitation and protection of the public.'" *Id.* Driver possessed over 1200 images of child pornography, including violent child pornography. Given the extent and seriousness of his relationship to child pornography, the condition, which will only last for five years, was reasonably tailored to the goals of supervised release. The Court believes that Driver's rehabilitation will be best served by completely avoiding all pornography and sexually explicit conduct. The condition may inconvenience or frustrate Driver, but the Court believes that Driver's compliance with the condition for the five years he will be on supervised release may serve as a deterrent to future sexual criminal activity.

Given the Sixth Circuit precedent which upheld the imposition of functionally identical conditions and the clear nexus between Driver's offense and the condition, the Court declines to modify the challenged condition of supervised release.

Accordingly, it is **ORDERED** that Defendant James Driver's motion for summary judgment, ECF No. 61, is **DENIED.**

It is further **ORDERED** that the Government's motion for extension of time to file a response, ECF No. 64, is **GRANTED** and the Government's response, ECF No. 65, is **ACCEPTED** as filed.

It is further **ORDERED** that Defendant James Driver's motion to modify a condition of his supervised release, ECF No. 59, is **DENIED.**

- 5 -

Dated: October 27, 2016             s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 27, 2016.

                        s/Michael A. Sian
                        MICHAEL A. SIAN, Case Manager